UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GODDARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:09CV1546 HEA |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Michael Goddard for leave to commence this action without payment of the required filing fee.[1] *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a

---

[1]The complaint also names ten additional plaintiffs, to wit: Matthew J. King, John R. Van Orden, Kenneth Risner, Chance Tyree, Jess Heikes, Michael Ashlaw, Ricky Jones, Anthony Amonette, Samuel Whited, and Richard Giese. Because none of these individuals has filed a motion to proceed in forma pauperis or has paid the $350 filing fee, they will be dismissed as party-plaintiffs to this action.

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The complaint

Plaintiff, a resident at the Sex Offender Rehabilitation & Treatment Services ("SORTS") at Southeast Missouri Mental Health Center, seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action against defendants Alan Blake, Jonathan Rosenboom, Linda Meade, Guy Rasnic, Mary Weiler, Rebecca Semar, William Jordan, and Perry Bramhall.

Plaintiff generally alleges that (1) he "should have more considerate treatment" and less restrictive conditions of confinement; (2) he is limited in the activities that are available to him, and thus, he is "forced to sit for hours per day with nothing to do"; (3) every time he leaves the ward, he must be escorted by two SORTS staff members; (4) SORTS staff are often disrespectful; (5) he is being "inadequately monitored for safety," and punished; (6) he is improperly restricted in the amount of personal property he can access; (7) he has no employment opportunities outside of SORTS; (8) he is put in rooms with three to five other sexually-violent predators; (9) SORTS staff have had sexual relationships with residents and other staff members; (10) SORTS staff have brought in illegal controlled substances; (11) SORTS staff are told to assume the worst about residents; (12) SORTS is structured around a level system; (13) "SORTS does not follow "9 C.S.R. 25-5.010"; (14) SORTS is not accredited; (15) defendants are imposing punishment within SORTS, and their practices are

inconsistent "with the least restrictive concept"; (16) plaintiff is denied "adequate recreational activities or supplies"; (17) plaintiff is not given any recreational periods on Sunday; (18) plaintiff is given three, fifteen-minute walk breaks after each meal; (19) SORTS progress groups are often cancelled; (20) SORTS only has five psychologists; (21) the number of psycho-educational groups are limited, which means that residents often have to repeat the same classes; (22) defendant Rosenboom will not allow plaintiff to participate in college correspondence at SORTS' expense; (23) treatment changes are made annually; (24) SORTS has non-licensed staff conducting group; (25) anyone with more than three unexcused absences will be dropped from their process group; (26) if a resident does not participate in process groups, he cannot advance past a moderate risk rating; (27) any SORTS staff member may "write a violation or give an infraction," and the hearing process is unfair; and (28) Dr. Bramhall is the only physician at SORTS, and "most of the time the resident will only see the nurse practitioner."

## Discussion

Plaintiff brings this action against defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Additionally, plaintiff's allegations simply do not rise to the level of a constitutional violation, and therefore, do not state a claim or cause of action under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986)(to prevail on § 1983 claim, plaintiff must first establish he was deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits) *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979)(noting, in the pretrial detention context, that there is a *de minimis* level of imposition with which the Constitution is not concerned); *cf. Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Last, plaintiff lacks standing to assert claims on behalf of other SORTS residents.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Matthew J. King, John R. Van Orden, Kenneth Risner, Chance Tyree, Jess Heikes, Michael Ashlaw, Ricky Jones, Anthony Amonette, Samuel Whited, and Richard Giese are **DISMISSED**, without prejudice, as party-plaintiffs because they did not pay the filing fee or file motions to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to

issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of October, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE